24255

LONG COVE CLUB ASSOCIATES, L.P., a South Carolina Limited Partnership, Appellant v. The TOWN OF HILTON HEAD ISLAND, South Carolina; Town Council of the Town of Hilton Head Island, South Carolina; Michael J. Malanick; Bruce C. Black; Henry C. Driessen, Jr.; Suzanne M. James; Donald S. Hook; William M. Marsher; and W. Bruce Fairchild, individually and in their capacity as members of the Town Council, Respondents.

(458 S.E. (2d) 757)

Supreme Court

---

*A. Camden Lewis* and *Thomas A. Pendarvis, Lewis, Babcock & Hawkins*, Columbia, *for appellant.*

*Curtis L. Coltrane, Wilson & Coltrane*, Hilton Head Island, *for respondents.*

Heard Mar. 9, 1995.

Decided June 12, 1995; Reh. Den. July 13, 1995.

MOORE, Justice:

Appellant (Long Cove) commenced this action seeking $700,000 in damages for an alleged unconstitutional taking of its property as a result of respondents' (Town's) enactment of a rezoning ordinance. The trial judge granted Town's motion for summary judgment. We affirm.

## FACTS

The real property in issue is a 9.872-acre parcel within the Long Cove Club Commercial Subdivision. Town gave preliminary approval of Long Cove's master plan, which included the Commercial Subdivision, on October 19, 1983. On April 11, 1984, a "Development Permit" was issued for the Commercial Subdivision certifying that it "has met and is in accordance with the Development Standard[s] Ordinance of Beaufort County."

Subsequently, on January 19, 1987, Town enacted the Land Management Ordinance which replaced the Development Standards Ordinance as the ordinance governing land use within Town's limits. Under the new ordinance, the 9.872-acre parcel was rezoned from M-1 to C-3, a more restricted commercial use zone.

Shortly thereafter, Long Cove sold the 9.872-acre parcel to Hargray Telephone Company for $1.3 million along with an assignment of the Development Permit. Long Cove then commenced this action alleging an unconstitutional taking, not of the 9.872-acre parcel, but of the Development Permit itself. The trial judge found no taking as a matter of law.

## ISSUE

Was summary judgment properly granted on the issue of an unconstitutional taking?

## DISCUSSION

Under the rule espoused in *Lucas v. South Carolina Coastal Council,* — U.S. —, 112 S.Ct. 2886, 120 L.Ed. (2d) 798 (1992), a land use regulation does not effect a taking if it (1) substantially advances legitimate government interests and (2) does not deny an owner all economically viable use of his land. *See also Dolan v. City of Tigard,* — U.S. —, 114 S.Ct. 2309, 129 L.Ed. (2d) 304 (1994). Long Cove raised no challenge to the first prong of this test. Applying the second prong, the trial judge found no taking because Town's rezoning did not deprive Long Cove of all economically beneficial use of the 9.872-acre parcel or the Development Permit.

Long Cove concedes it has no taking claim under *Lucas* as to the 9.872-acre parcel since it was not deprived of all economically beneficial use of the land. Long Cove argues, however, the Development Permit was its personal property that was taken by Town's enactment of the rezoning ordinance. *See Scott v. Greenville County,* 716 F. (2d) 1409 (4th Cir. 1983). It contends the *Lucas* analysis does not apply to this taking claim.

Long Cove does not cite, nor has our research uncovered, any authority for the proposition that the *Lucas* analysis does not apply to an alleged regulatory taking of personal, as opposed to real, property. To the contrary, in *Andrus v. Allard,* 444 U.S. 51, 100 S.Ct. 318, 62 L.Ed. (2d) 210 (1979), a case involving an alleged regulatory taking of personal property,[1]

---

[1] The property owner in *Andrus* alleged a taking of eagle feathers resulting from a regulatory enactment that prohibited commerce in the parts of protected birds.

the United States Supreme Court relied on regulatory taking cases that involved real property[2] and concluded there was no taking of the personal property in question since the property retained some value. In this case, the Development Permit retained some value since it permitted an owner's development of the property to the extent allowed under the rezoned classification of C-3. Accordingly, we hold summary judgment was properly granted.

We need not address Long Cove's arguments regarding the alternative ground of the trial judge's ruling. Long Cove's remaining arguments are without merit and are disposed of pursuant to Rule 220(b), SCACR.

Affirmed.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[2] *Penn Central Transportation Co. v. New York City,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed. (2d) 631 (1978); *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922); *Mugler v. Kansas,* 123 U.S. 623, 8 S. Ct. 273, 31 L.Ed. 205 (1887).